**Harvie G. BARNES, Plaintiff,**

v.

**David MATHEWS, Secretary of Health, Education & Welfare, Defendant.**

Civ. A. No. 750795.

United States District Court,
W. D. Virginia,
Abingdon Division.

July 12, 1976.

James W. Harman, Tazewell, Va., for plaintiff.

Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., for defendant.

MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

In this action, plaintiff Harvie G. Barnes seeks review of a final decision of the Secretary of Health, Education and Welfare denying his claim for benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.* (hereinafter the "Act"). The case was filed pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates 42 U.S.C.

**2**

§ 405(g). The issue to be decided by this court is whether the Secretary's decision is supported by substantial evidence.

Mr. Barnes was born March 26, 1904 and completed the sixth grade in school. He was married in 1932. He has no dependent children. Mr. Barnes testified at his administrative hearing that his first mining employment was in 1924 or 1925. Between then and 1969, when he retired, he accumulated over 20 years of mining experience. He is currently drawing Social Security retirement benefits and a miner's pension. With respect to his breathing difficulties, Mr. Barnes testified that he becomes short-winded easily, that he has a cough, and that he has trouble sleeping. He stated that he first became aware of respiratory problems in 1968. Mr. Barnes' brother, wife, and daughter also appeared at his hearing and generally corroborated his testimony.

The medical evidence of record consists of reports of x-ray interpretations, pulmonary function studies, and general examinations. It reveals the following. An x-ray taken May 23, 1972 was read by Dr. D. A. Cunningham and Dr. W. L. Murphy. Dr. Cunningham found some evidence of slight granular fibrosis but felt that it was too insignificant to indicate pneumoconiosis. Dr. Murphy noted emphysema, but his reading for pneumoconiosis was 0/0. (A classification of 0/0 is not considered evidence of pneumoconiosis. 20 C.F.R. § 410.-428(a)(1)(iii).)

On July 3, 1972, a pulmonary function study was conducted. Mr. Barnes' height was listed at 71½ inches, and his effort was termed good. The study produced $FEV_1$ and MVV values of 2.825 L and 81 L/Min., respectively, before bronchodilator, and 3.100 L and 81 L/Min. after.

On February 28, 1973, Mr. Barnes was examined by Dr. Sam Milchin. On physical examination, Dr. Milchin found a normal chest. He found the lungs normal to percussion and auscultation and no rales. Dr. Milchin concluded that there was no clinical evidence of "any chronic respiratory or lung disease."

Dr. J. P. Sutherland read a November 28, 1973 x-ray to indicate category 3/2 p pneumoconiosis. He also found evidence of emphysema, hilar scarring, and heart enlargement with arteriosclerosis. This film was re-read by Dr. M. W. Donner. Dr. Donner also noted evidence of tuberculosis, but his reading for pneumoconiosis was 0/0.

On April 4, 1974, Mr. Barnes was examined by Dr. P. L. Odom. Physical examination revealed a normal AP chest diameter, lungs clear to auscultation and percussion, and no cyanosis, clubbing, or edema. A pulmonary study produced an $FEV_1$ reading of 3.500 L, an MVV of 87.6 L/Min., and a vital capacity of 4.100 L., indicating, according to Dr. Odom, a mild pulmonary impairment. Dr. Odom interpreted an x-ray which was taken to show category 1/0 p pneumoconiosis. Dr. Odom's final diagnosis was 1/0 p pneumoconiosis, and he concluded that Mr. Barnes was disabled for coal mining and work in a dusty environment.

On September 30, 1974, Dr. W. J. Boyd conducted an arterial blood gas study and another pulmonary study. The pulmonary study revealed an $FEV_1$ of 3.31 L, a FVC of 4.32 L, and an MVV of 86 L/Min. The blood gas study produced a $PaO_2$ of 61 and a $PaCO_2$ of 34.

Finally, Dr. J. Lee Bassham read a June 10, 1975 x-ray as showing category 1/1 p pneumoconiosis. He also noted a mild diffuse pulmonary emphysema, but he found no evidence of any other active cardiopulmonary disease.

In reviewing a decision of the Secretary under 42 U.S.C. § 405(g) the court may affirm, modify, or reverse the decision, or, on "good cause shown," remand the case to the Secretary for the taking of additional evidence. On such reviews, however, the factual findings of the Secretary, if supported by substantial evidence, are conclusive. It is not the function of the court to substitute its judgment for that of the Secretary if his decision is based on substantial evidence. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

To qualify for benefits under his present application, initially filed on May 2, 1972, Mr. Barnes must establish that he was totally disabled due to pneumoconiosis prior to July 1, 1973. 20 C.F.R. § 410.410(b)(1); *Collins v. Weinberger*, 401 F.Supp. 377 (W.D.Va.1975). Pursuant to § 411(b) of the Act, 30 U.S.C. § 921(b), the Secretary has promulgated regulations providing for several means of proving pneumoconiosis and of establishing total disability therefrom. These regulations include several presumptions to aid the miner in establishing his claim. See 20 C.F.R. §§ 410.401–410.490. Under any of the relevant provisions, however, Mr. Barnes has failed to meet his burden of proof.

 The medical evidence in this case, is as usual, conflicting. However, all of the evidence tending to support Mr. Barnes' claim of disability due to pneumoconiosis was the result of tests and examinations conducted after the July 1, 1973 cutoff date for HEW's jurisdiction under the Act. While such post-cutoff evidence is relevant to the issue of disability prior to July 1, 1973 and must therefore be considered by the Secretary, *Collins v. Weinberger, supra*, the probative weight accorded to such evidence may obviously be discounted. With this consideration in mind, the court is constrained to conclude that the Secretary's decision in this case is supported by substantial evidence.

Mr. Barnes cannot qualify under the interim regulations adopted by the Secretary in 1972 since the court cannot find that the x-ray evidence establishes the existence of pneumoconiosis prior to July 1, 1973, 20 C.F.R. § 410.490(b)(1)(i), and none of Mr. Barnes' three pulmonary studies satisfy the objective criteria of 20 C.F.R. § 410.-490(b)(1)(ii). Nor can he qualify under the permanent criteria set forth in §§ 410.421 to 410.462. There is no evidence of "complicated pneumoconiosis," 20 C.F.R. § 410.418, and the pulmonary study results clearly do not meet the standards of § 410.426(b). Although the arterial blood gas test results in evidence do satisfy the criteria set forth in the appendix to Subpart D of the Secretary's regulations, they barely meet these standards and the test was not conducted until September 30, 1974. Based upon his number of years in the mines, Mr. Barnes is entitled to consideration under § 410.414(b). However, after careful review of the record, the court is compelled to find that there is substantial evidence to support the overall determination that Mr. Barnes was not totally disabled prior to July 1, 1973 as the result of pneumoconiosis or any other respiratory or pulmonary impairment which might be presumed to be pneumoconiosis. While Mr. Barnes might now be entitled to benefits, he must refile an application with the Secretary of Labor to whom jurisdiction has shifted under the Act.

Since it is the determination of the court that the Secretary's decision in this case is supported by substantial evidence, that decision must be, and hereby is, affirmed. Judgment will accordingly be entered in favor of the Secretary.