**Harvie G. BARNES, Appellant,**

v.

**David MATHEWS, Secretary of Health, Education and Welfare, Appellee.**

**No. 76–2282.**

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1977.
Decided July 13, 1977.

James W. Harman, Jr., Tazewell, Va. (Stephen E. Arey and Harman & Harman, Tazewell, Va., on brief) for appellant.

Marianne P. Flood (Paul R. Thomson, Jr., U. S. Atty., E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., Stephanie W. Naidoff, Regional Atty., Joan Kaehne, Asst. Regional Atty., Russell Bershad, Legal Asst., Philadelphia, Pa., on brief) for appellee.

Before BRYAN, Senior Circuit Judge, CRAVEN * and WIDENER, Circuit Judges.

PER CURIAM:

In a final decision dated October 10, 1975, the Secretary of Health, Education and Welfare denied Harvie G. Barnes' May 2, 1972 application for black lung disability benefits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 901 et seq. (as amended 1972). Barnes, age 73, gave proof of at least 20 years coal mine employment, but, in the Secretary's view, medical evidence failed to establish that he was totally disabled due to pneumoconiosis on or before June 30, 1973.[1] Finding the decision supported by substantial evidence, the District Court on July 12, 1976 entered summary judgment for the Secretary. Barnes appeals.

The issue is whether medical evidence taken after June 30, 1973 offers substantial proof that Barnes was totally disabled due to pneumoconiosis as of June 30. Studies conducted prior to this cut-off date did not show disabling pneumoconiosis.[2] However, X-ray evidence dated November 28, 1974, April 4, 1974 and June 10, 1975 indicated that Barnes then had simple pneumoconiosis. Additionally, results of a blood gas study conducted September 30, 1974 would permit a finding of total disability under 20 CFR 410.424.[3]

*Collins v. Weinberger,* 401 F.Supp. 377 (W.D.Va.1975) requires the Secretary to consider subsequent medical evidence as relevant to the existence of pneumoconiosis on June 30, 1973, as pneumoconiosis is a slow, progressive disease often difficult to diagnose at early stages. However, the ultimate assessment of evidence, including subsequent medical reports, lies with the Secretary. Where the Secretary, as here, considered such later proof but found the evidence as a whole failed to establish total disability as of June 30, 1973, his decision must stand absent want of substantial evidence.

We find neither error of law nor insubstantiality of proof and, accordingly, uphold the decisions of the Secretary and the District Court, *Barnes v. Mathews,* 439 F.Supp. 1 (W.D.Va., 1976).

AFFIRMED.

---

* Judge Craven expressed his concurrence in this decision, but died before the opinion was written.

1. After this date, jurisdiction for adjudicating black lung cases passes to the Secretary of Labor. 30 U.S.C. § 924(a)(3) and § 925.

2. Medical standards for determining the existence of disabling pneumoconiosis appear at 20 CFR 410.418, 410.426, 410.490 and the Appendix to Subpart D.

3. Under this section certain medical considerations alone may justify a finding of total disability. These include impairments listed in the Appendix to the subpart. One measure of a disabling impairment is blood gas study results equal to, or less than, the values specified in the table found in the referenced Appendix.